**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| IVAN ORTEGA | : | DOCKET NO. 2:05-cv-1191 Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Ivan Ortega, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

This petition was originally filed in the United States District Court for the Eastern District of New York on May 13, 2005. In that petition, the petitioner claimed that he is a national of the United States and that as such he is not subject to removal. He sought to have the court order his release from detention and to terminate his removal proceedings. At the time the petition was filed, petitioner's removal order was not administratively final, and he was being detained in Oakdale, Louisiana pursuant to the mandatory detention provision of INA § 236(c).[1]

On January 13, 2005, an immigration judge in Oakdale, Louisiana determined that petitioner was removable. He appealed that decision to the Board of Immigration Appeals (BIA). Subsequent to petitioner's filing this *habeas* petition, the BIA dismissed his appeal on June 7, 2005.

By order dated June 28, 2005, the district judge in New York determined that (1) he lacked

---

[1]The mandatory detention provision of INA § 236(c)(1)(B) requires the Attorney General to take into custody any alien who "is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (iii), (B), (C), or (D)." Because the Notice to Appear charged petitioner with being removable under INA § 237(a)(2)(A)(iii) and § 237(a)(2)(B)(i), as an alien convicted of an aggravated felony and as an alien convicted of a controlled substance violation, respectively, he falls within this provision.

jurisdiction over petitioner's challenge to his removal order in light of the REAL ID Act of 2005.[2] *See* Pub.L.No.109-13, Div. B, 119 Stat. 231[3]; and (2) he lacked jurisdiction over petitioner's challenge to his detention because petitioner is detained within the territorial jurisdiction of the U.S. District Court for the Western District of Louisiana. Accordingly, he transferred the portion of petition which challenged his removal order to the United States Court of Appeals for the Fifth Circuit[4] and the portion of the petition which challenged petitioner's detention to this court. [doc. 5, p.6]. The petition was received and filed in this court on July 5, 2005. On July 25, 2005, the Clerk of Court issued a deficiency notice due to petitioner's failure to either submit a $5.00 filing file or a completed application to proceed *in forma pauperis*. The petitioner cured the deficiency on August 9, 2005 by paying the filing fee.

## LAW AND ANALYSIS

The only issue before this court is petitioner's challenge to his continued detention in the custody of immigration officials.

From the facts summarized above, it is clear that at the time petitioner filed his petition on May 13, 2005, his removal proceedings were not yet final and that he was detained pursuant to the mandatory detention provision of INA § 236(c). However, the evidence before the court reveals that petitioner's removal order became final on June 7, 2005 when the BIA dismissed petitioner's appeal. Therefore, petitioner's detention is now governed by §241 of the INA, and any challenge he makes to

---

[2] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.

[3] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[4] Section 106(c) of the REAL ID Act of 2005 provides for the transfer of pending *habeas corpus* petitions which challenge removal orders to the appropriate court of appeals.

his detention under §236(c) is moot.[5]

To the extent that this petition can be construed as a challenge to petitioner's post-removal-order detention pursuant to INA § 241, such a challenge is premature as petitioner has not been in post-removal-order detention for more than six months. *Zadvydas v. Davis,* 121 S.Ct. 2491, 2505 (2001)(6 month removal period presumed to be reasonable).

Accordingly,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if the petitioner's challenge to his detention pursuant to § 236(c) were not moot, the court would find that this challenge lacked merit. The constitutionality of mandatory detention during the pendency of removal proceedings pursuant to INA § 236(c) was considered by the United States Supreme Court in *Demore v. Kim,* 123 S.Ct. 1708 (2003) and found to be constitutional.